UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN RODEN,

      Plaintiff,                            Case No. 21-12183

vs.                                   HON. MARK A. GOLDSMITH

JASON LAPHAM, et al.,

      Defendants.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 27), (2) ACCEPTING**
**RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION (Dkt. 26), (3) GRANTING DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT (Dkt. 22), AND (4) DISMISSING PLAINTIFF'S CLAIMS**
**WITHOUT PREJUDICE**

      This matter is presently before the Court on the report and recommendation (R&R) of

Magistrate Judge Patricia T. Morris (Dkt. 26).  In the R&R, the magistrate judge recommends

that the Court grant the motion for summary judgment filed by Defendant employees of the

Michigan Department of Corrections (MDOC)—Jason LaPham, Derek Gowdy, Michael Heskett,

and Michael Demps—and dismiss all claims against them without prejudice (Dkt. 22).  Plaintiff

Jonathan Roden filed objections (Dkt. 27).  For the reasons that follow, the Court overrules

Roden's objections and accepts the magistrate judge's recommendations.[1]

## I.  BACKGROUND

      Roden brought Eighth Amendment claims under 42 U.S.C. § 1983 based on his

allegations that Defendants placed him in a shower that had recently been used by an individual

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided
based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  In addition to
Defendants' motion, the briefing includes Roden's response (Dkt. 24) and Defendants' reply
(Dkt. 25).

who had tested positive for COVID-19, subjected him to a strip search, and left him overnight in the shower.  See R&R at 1–3 (citing Compl. (Dkt. 1)).

Defendants moved for summary judgment, arguing that Roden had failed to exhaust his administrative remedies before he filed this action.  See Mot.  An incarcerated plaintiff must exhaust all administrative remedies before filing any "inmate suit[] about prison life."  Porter v. Nussle, 534 U.S. 516, 532 (2002) (citing Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA)).  As set forth in MDOC Policy Directive (PD) 03.02.130, individuals incarcerated with MDOC must follow a three-step grievance procedure to exhaust their administrative remedies.  See MDOC PD 03.02.130(Q–II) (Dkt. 22-2).  Per this process, after attempting to resolve the issue with the applicable MDOC staff member, a grievant must (i) file a Step I grievance using a designated form, after which MDOC files a response; (ii) file a Step II grievance if the grievant is dissatisfied with the MDOC's response at Step I, after which MDOC files a Step II response; and (iii) file a Step III grievance if the grievant is dissatisfied with the MDOC's response at Step II, after which MDOC files a Step III response.  See id.

The magistrate judge recommends finding that Roden failed to exhaust the MDOC grievance procedures because Roden filed the present suit before waiting a sufficient amount of time to receive any MDOC response to his Step III grievance.  In the magistrate judge's view of the facts, Roden filed his Step III grievance on August 4, 2021.  See R&R at 8.  Not having received a response, Roden filed the present action on September 8, 2021—i.e., 35 days later.  MDOC PD 03.02.130 states: "Generally, Step III responses will be responded to within 60 business days.  The Step III response is final."  MDOC PD 03.02.130(II).  In the magistrate judge's view, because Roden could not have exhausted the grievance process until he waited 60 days to receive any Step III response, the Court should grant Defendants' motion and dismiss

Roden's claims without prejudice.  R&R at 13–15. [2]

## II.  ANALYSIS[3]

Roden has raised two objections to the R&R.  The Court addresses each objection in turn.

### A.  Objection 1: Exhaustion

Roden first objects to the R&R's finding that "'Plaintiff jumped the gun by filing his complaint only 35 days after purportedly filing his Step III Appeal . . . .  He did not complete the administrative review process before filing suit.'"  Obj. at 2 (quoting R&R at 14).

Roden does not believe that he was required to wait 60 days for a response to his Step III grievance before he filed his present action.  Id.  He submits that MDOC PD 03.02.130 is "silent" on the issue of how long a grievant must wait for a Step III response.  Id.  He quotes from the policy directive's language: "Generally, Step III responses will be responded to within 60 business days."  MDOC PD 03.02.130(II).  But Roden concludes that this policy directive "does not state a time frame that a prisoner must wait for a response to a Step-III Appeal."  Obj. at 4.  He cites to cases standing for the general principle that grievants are not required to take more action than required by procedural rules to exhaust their administrative remedies.[4]

---

[2] Defendants also sought summary judgment by arguing that Roden had never filed any Step III grievance, but—based on Roden's affidavit—the magistrate judge found that there was an issue of fact as to whether Roden had submitted a Step III grievance, which sufficed to allow Roden to survive summary judgment on this challenge.  R&R at 8–10.  Roden does not object to the R&R's finding that he filed his Step III grievance on August 4, 2021.  MDOC never filed a response to Roden's purported Step III grievance.

[3] The Court reviews de novo any portion of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).  Absent a specific objection, the issue is waived.  Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991).

[4] See Obj. at 3–4 (citing McBride v. Mich. Dep't of Corr., No. 15-11222, 2016 WL 1156740, at *5 (E.D. Mich. Mar. 24, 2016) (accepting magistrate judge's recommendation to reject MDOC-

As the magistrate judge correctly explains, <u>see</u> R&R at 11–14, other courts have found that MDOC grievants have failed to exhaust their administrative remedies when they filed suit fewer than 60 days after submitting Step III grievances.  The district court in <u>Johnson v. Burt</u> found that an incarcerated plaintiff had "not exhausted his administrative remedies" where he had "submitted his Step III grievance on August 14, 2020, and then filed [his] lawsuit on August 24, without waiting for a response or allowing the 60-day response period to expire."  No. 1:20-CV-802, 2021 WL 3473483, at *1 (W.D. Mich. Aug. 6, 2021).  The United States Court of Appeals for the Sixth Circuit vacated the district judge's decision to dismiss the plaintiff's claims with prejudice, but it affirmed the court's finding as to exhaustion, stating: "'Generally, Step III responses will be responded to within 60 business days' . . . .  Because [plaintiff] filed his complaint before his Step III appeal was rejected, his complaint was subject to dismissal for lack of exhaustion."  <u>Johnson v. Burt</u>, No. 21-2878, 2023 WL 2125744, at *2 (6th Cir. Feb. 15, 2023) (quoting MDOC PD 03.02.130(II)).

Consistent with this framework, courts have found that grievants who wait 60 days for a Step III response before they file a federal action—unlike Roden—have properly exhausted their administrative remedies.  <u>See, e.g.</u>, <u>Hardrick v. Jenkins-Grant</u>, No. 20-cv-12258, 2022 WL 667790, at *1 (E.D. Mich. Jan. 31, 2022), <u>report and recommendation adopted,</u> No. 20-cv-12258,

---

associated defendants' exhaustion defense where plaintiff's grievance named only individuals "involved in the issue grieved," as required by MDOC procedure—and omitted certain defendants named only in the complaint because of subsequent "personnel change[s]"—stating: "It belies common sense to require more of prisoners than the prison's own procedural rules require."); <u>Troche v. Crabtree</u>, 814 F.3d 795, 800–801 (6th Cir. 2016) (reversing district court's finding that incarcerated plaintiff in Ohio prison system had failed to exhaust grievance process by failing to file a step III appeal without having received a step II response, and interpreting the grievance procedure to "impart[] no authorization to proceed to step three of the grievance procedure to inmates who never receive a response," explaining: "it cannot be said that an inmate did not exhaust his administrative remedies because he failed to do something not specified, outlined, or required by his prison's grievance procedure.")).

2022 WL 662282 (E.D. Mich. Mar. 4, 2022) (recommending rejection of exhaustion defense where plaintiff "filed his complaint more than 60 business days" after he had submitted his Step III grievance) (citing MDOC PD 03.02.130(I)).

To exhaust his administrative remedies after having filed a Step III grievance, Roden was required to "wait[] for a response or allow[] the 60-day response period to expire." Johnson, 2021 WL 3473483, at *1. Instead, he "jumped the gun" and filed suit before the procedure was complete. R&R at 14. The Court overrules Roden's objection and accepts the magistrate judge's finding that Roden failed to exhaust his administrative remedies.[5]

**B.  Objection 2: Dismissal Without Prejudice**

Roden also challenges the magistrate judge's recommendation to dismiss Roden's claims without prejudice. See Obj. at 4 (citing R&R at 4). He submits that "'[d]ismissal without prejudice would not be in the interest of justice since [Roden] would simply refile, causing further delay.'" Id. (quoting Bailey v. Mich. Dep't of Corr., No. 19-13442, 2020 WL 4934314, at *4 (E.D. Mich. Aug. 24, 2020)); see also id. (citing Curry v. Scott, 249 F.3d 493, 502 (6th Cir. 2001)).

Roden appears to suggest that he can escape the PLRA's requirement that he exhaust his administrative remedies because, as a practical matter, he will simply refile his dismissed claims. Roden is incorrect. "[T]he appropriate disposition of an unexhausted claim under the [PLRA] is dismissal without prejudice." Johnson, 2023 WL 2125744, at *2 (punctuation modified). The

---

[5] Roden also offers a new interpretation of MDOC PD 03.02.130(II), suggesting that where the policy directive states, "Step III responses will be responded to in 60 business days," the term "Step III responses" cannot mean "Step III grievances" because the term "responses" refers exclusively to submissions made by MDOC. See Obj. at 1–2. Though the policy directive's phrasing could be clearer, the weight of authorities interpreting this document leaves no doubt that the "Step III responses" to which MDOC is expected to respond within 60 days refer to Step III grievances. See, e.g., Johnson, 2021 WL 3473483, at *1.

cases Roden cites are distinguishable from this matter in significant respects, including because those cases declined to find that the plaintiffs had failed to exhaust their claims.  See Bailey, 2020 WL 4934314, at *4–*5; Curry, 249 F.3d at 502–503.  Roden has not satisfied the PLRA's exhaustion requirement, and so dismissal of his claims without prejudice is the proper result. See Johnson, 2023 WL 2125744, at *2.  The Court overrules Roden's second objection and accepts the magistrate judge's recommendation.

### III.  CONCLUSION

For the reasons explained above, the Court overrules Roden's objections (Dkt. 27), accepts the recommendations in the R&R (Dkt. 26), grants Defendants' motion for summary judgment (Dkt. 22), and dismisses all of Roden's claims without prejudice.

SO ORDERED.

Dated:  March 27, 2023                              s/Mark A. Goldsmith
          Detroit, Michigan                        MARK A. GOLDSMITH
                                                   United States District Judge